UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLADO DIVISION

JUAN GUTIERREZ, on behalf of himself
and all others similarly situated

        Plaintiff,

        Case No.:

        v.

INSTALLATION SQUAD, LLC, a Florida
Limited Liability Corporation,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, JUAN GUTIERREZ (hereinafter "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned counsel, hereby brings this action against INSTALLATION SQUAD, LLC (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

1. This is an action to recover money damages for unpaid wages, unpaid overtime wages and compensatory damages under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. Plaintiff seeks damages and a reasonable attorneys' fee.

### JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337, and 1350.

### VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

### THE PARTIES

4. Plaintiff is a resident of Kissimmee, Osceola County, Florida.

5. At all times relevant hereto, Plaintiff was an "employee" pursuant to 29 U.S.C. §203(c)(1) of the Fair Labor Standards Act.

6. At all times relevant hereto, Plaintiff was a non-exempt employee of the Defendant,

and regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

7. Defendant, INSTALLATION SQUAD, LLC is a Florida corporation which maintains its business operations in Doral, Miami-Dade County, Florida.

8. Defendant, INSTALLATION SQUAD, LLC is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

9. During all times material hereto (2016-19), Defendant, INSTALLATION SQUAD, LLC was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

10. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for the Defendant for which no provision was made to properly pay Plaintiff for those hours in which overtime was required to be paid.

11. In addition, the Defendant has refused to issue payment to the Plaintiff for wages earned.

## GENERAL ALLEGATIONS

12. During all times relevant to this complaint, Plaintiff was employed by Defendant.

13. Plaintiff was employed as a Technician Installation for the Defendant.

14. The Defendant misclassified Plaintiff as an independent contractor.

15. The Plaintiff was actually an employee of the Defendant, however the Defendant refused to recognize his status as an employee.

16. The Plaintiff had no managerial opportunities and had no independent authority outside of the directions and instructions provided by the Defendant.

17. The Plaintiff was not required to make any investment in the Defendant's operations and the Defenedant provided all of the resources necessary for the Plaintiff to perform his work.

18. The Plaintiff did not have the ability to exercise independent business judgment in the course of the work he performed for the Defendant.

19. The Plaintiff's employment with the Defendant was indefinite with no set termination date.

20. The Defendant set the Plaintiff's rate of pay and Plaintiff was not able to negotiate his rate of pay.

21. The Defendant determined the Plaintiff's work hours and penalized the Plaintiff if he did not comply.

22. The Defendant controlled all meaningful aspects of the Plaintiff's employment.

23. The Defendant compensated the Plaintiff per job (commonly referred to as piecemeal or piece rate) regardless of the amount of time that it took to complete the job.

24. Plaintiff regularly worked an average of 10 to 20 hours per week for the Defendant. But Defendant did not compensate the Plaintiff at a rate of at least the Federal minimum wage, and/or the Defendant did not compensate the Plaintiff for all hours worked over 40 hours.

25. The Defendant and its representatives knew that Plaintiff was not being paid at a rate equal to the Federal minimum wage.

26. The Defendant and its representatives knew that Plaintiff was working overtime and that federal law requires employees such as the Plaintiff to be compensated at time and one-half per hour for overtime pay.

27. The Defendant intentionally refused to pay the Plaintiff at a rate equal to the Federal minimum wage.

28. The Defendant intentionally cheated Plaintiff out of the overtime to which the Fair Labor Standards Act entitles him.

29. In the course of his employment with Defendant, Plaintiff worked the number of hours required of him, but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek as required by the Fair Labor Standards Act.

30. In addition, during a portion of the time that Plaintiff was employed by the Defendant, Plaintiff was not paid at a rate equal to the Federal minimum wage as required by the

Fair Labor Standards Act.

31. The records concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to him, are in the possession and custody and control of Defendant, and Plaintiff is unable to state at this time the exact amount due and owed to him. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

32. Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf and has agreed to pay a reasonable fee for their services.

33. Plaintiff is entitled to reasonable attorneys' fees if he is the prevailing party in this action.

## COUNT I — VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above.

35. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

36. Plaintiff regularly worked an average of 10 to 20 hours a week.

37. Defendant refused to compensate the Plaintiff for all hours worked in excess of 40 hours as required by the Fair Labor Standards Act.

38. By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. As a result of Defendant's willful violations of the Fair Labor Standards Act. Plaintiff is entitled to liquidated damages as provided in § 216 of the Fair Labor Standards Act.

40. As a result of the Defendant's violations of the Fair Labor Standards Act, Plaintiff has suffered emotional pain and suffering, and therefore seeks compensatory damages to make him whole for such damage.

WHEREFORE, Plaintiff prays that this Court will grant judgment against the Defendant

as follows:

(a) Awarding damages against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act. 29 U.S.C.§ 201 et seq. and other Federal Regulations; and

(b) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

(c) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(d) Awarding Plaintiff an equal amount in double damages/liquidated damages; and

(e) Awarding Plaintiff costs, and reasonable attorneys' fees; and

(f) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### COUNT II — VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above.

42. Plaintiff is entitled to be paid minimum wage of $7.25 each hour worked in each workweek.

43. Defendant compensated the Plaintiff less than the Federal minimum wage for each hour worked in each workweek.

44. By reason of the intentional, willful, and unlawful acts of the Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of Defendant's willful violations of the Fair Labor Standards Act, Plaintiff is entitled to liquidated damages as provided in § 216 of the Fair Labor Standards Act.

46. As a result of the Defendant's violations of the Fair Labor Standards Act, Plaintiff has suffered emotional pain and suffering. and therefore seeks compensatory damages to make him whole for such damage.

WHEREFORE, Plaintiff prays that this Court will grant judgment against the Defendant

as follows:

(a) Awarding damages against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 206 et seq. and other Federal Regulations; and

(b) Awarding Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

(c) Awarding Plaintiff compensatory damages for emotional pain and suffering;

(d) Awarding Plaintiff an equal amount in double damages/liquidated damages; and

(e) Awarding Plaintiff costs and reasonable attorneys' fees; and

(f) Granting such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COLLECTIVE ACTION ALLEGATIONS

47. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

48. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

49. Class Members perform or have performed the same or similar work as Plaintiff.

50. In particular, Plaintiff and Class Members all worked as technicians under the same conditions and subject to the same violations of the FLSA.

51. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

52. Class Members are not exempt from receiving overtime pay under the FLSA.

53. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure,

and/or the denial of overtime wages.

54. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

55. The experiences of Plaintiff, with respect to their pay, are typical of the experiences of Class Members.

56. The experiences of Plaintiff, with respect to their job duties, are typical of the experiences of Class Members.

57. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

58. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

59. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

60. The Plaintiff and the Class Members held the same job title: technician.

61. As such, the class of similarly situated Plaintiff is properly defined as follows:

**All current and former technicians who worked for Defendant at any time during the three (3) years before this Complaint was filed up to the present.**

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

Dated this 9th day of April, 2019.

        Respectfully submitted,

***/s/ Carlos V. Leach***
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
THE LEACH FIRM, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Telephone: 407-574-4999
Facsimile: 833-423-5864
E-mail: cleach@theleachfirm.com
E-mail: yhernandez@theleachfirm.com

***Attorney for Plaintiff***